CITY OF GARLAND, Texas, Appellant,

v.

Yeimi Beatriz RIVERA, Appellee.

No. 05–04–00516–CV.

Court of Appeals of Texas, Dallas.

Oct. 11, 2004.

Brad Neighbor, First Asst. City Atty, William F. Glazer, Garland, for appellant.

Paul D. Rich, Paul D. & Rich & Associates, L.L.C., Dallas, for appellee.

Before Justices WRIGHT, RICHTER and MAZZANT.

## OPINION

Opinion By Justice RICHTER.

This case involves a governmental unit's plea to the jurisdiction. The City of Garland was sued by appellee Rivera for the death of her father stemming from his resistance to an arrest by city police officers. The city filed a plea to the jurisdiction based upon sovereign immunity and lack of standing, which the trial court denied.

In this interlocutory appeal, the city seeks reversal based upon three issues. First, the city urges the facts alleged point to intentional, rather then negligent, conduct, and thus, the Texas Tort Claims Act's limited waiver of immunity is inapplicable. Second, the city claims Rivera must establish an independent waiver of sovereign immunity before she can pursue a claim based upon a governmental unit's negligent implementation of policy, training, and supervision. Third, the city urges that Rivera has no standing to assert claims for injunctive relief on behalf of herself and the putative class. Because we conclude each of the city's issues has merit, we reverse the judgment of the trial

court, and because the plea to the jurisdiction should have been sustained, we render judgment dismissing the case in its entirety.

### BACKGROUND

■ In a plea to the jurisdiction where no evidence on the jurisdictional issue is adduced before the court, we look solely to the pleadings to determine whether the trial court's jurisdiction was properly invoked. *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 123 S.W.3d 63, 65 (Tex.App.-Dallas 2003, pet. filed). Thus, the facts are briefly recited as asserted in Rivera's First Amended Petition.

Rivera's father died following a use of force during his arrest. When Rivera resisted arrest, police officers used pepper spray, handcuffs, a K–9 police service dog and "other departmentally issued property" to subdue him. He died shortly thereafter, and the coroner ruled his death a homicide by blunt force trauma.

### I. APPLICABLE LAW

#### A. Sovereign Immunity

■ In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). The Texas Tort Claims Act provides a limited waiver of sovereign immunity. *Id.* Sovereign immunity includes two distinct principles: immunity from suit and immunity from liability. *Id.* Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction. *Id.* The Tort Claims Act creates a unique statutory scheme in which the two immunities are co-extensive: "Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter." *Id.* (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon Supp.2004–05)). Thus, the city is immune from suit unless the Tort Claims Act expressly waives immunity. *Id.* at 224–25. The Tort Claims Act expressly waives sovereign immunity in three areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. *Id.* at 225; TEX. CIV. PRAC. & REM.CODE ANN. § 101.021.

#### B. Standard of Review

■ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–226. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* The granting or denial of a plea to the jurisdiction upon undisputed facts presents a question of law, which we review de novo. *See id.* at 226, 228; *Texas Natural Res. Conservation Com'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

### II. APPLICATION OF LAW TO THE FACTS

#### A. Intentional Torts Exception to Tort Claims Act

■ We now turn to the city's first issue wherein it claims Rivera's cause of action fails because it asserts intentional, rather than negligent, conduct. In this case, Rivera essentially claims although police officers intended to use force against her father, they did not intend the use of force to result in his death. She contends, therefore, that since officers did not intend the result of death, their excessive use of force constitutes actionable negligence. Rivera claims sovereign immunity is waived because the police negligently used property,

i.e., the pepper spray, handcuffs and the K–9 unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021.

However, the Texas Tort Claims Act does not waive sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001); Tex. Civ. Prac. & Rem.Code Ann. § 101.057. The specific conduct—using pepper spray, handcuffs, a K–9 police service dog, and "other departmentally issued property" to arrest Rivera's father—is clearly intentional. *See id.; See also City of Laredo v. Nuno*, 94 S.W.3d 786, 788–89 (Tex.App.-San Antonio 2002, no pet.)(improper use of handcuffs and use of excessive force are intentional tortious conduct). As in *Petta*, the allegations in this case fit squarely within section 101.057's exclusion of claims arising out of assault, battery, or any other intentional tort. Because we conclude Rivera's claims hinge on intentional conduct, as opposed to negligent conduct, we sustain the city's first issue.

**B. Negligent Implementation of Policy, Training, and Supervision**

 In the city's second issue, it claims Rivera must establish an independent waiver of sovereign immunity before she may advance her negligent implementation of policy theory of recovery. We agree. Although the Tort Claims Act waives sovereign immunity for claims that an officer negligently carried out governmental policy, *Petta*, 44 S.W.3d at 580, the negligent implementation theory of liability does not itself waive immunity. *Guadalupe–Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 342 (Tex.App.-Corpus Christi 2002, no pet.). It arises only after a plaintiff has established a waiver of immunity under some other provision of the Texas Tort Claims Act. *Id.* Accordingly, a plaintiff has to state a waiver of immunity

under some provision of section 101.021 of the civil practice and remedies code before she can invoke a claim of negligent implementation of policy. *Id.; Nueces County v. Ferguson*, 97 S.W.3d 205, 223 (Tex.App.-Corpus Christi 2002, no pet.). In addition, a plaintiff must, at a minimum, allege facts showing how the governmental policy was negligently implemented. *See Petta*, 44 S.W.3d at 580; *Ferguson*, 97 S.W.3d at 223. Here, Rivera merely alleges in a conclusory fashion that police officers negligently followed the use of deadly force guidelines and procedures. However, as in *Petta*, these too are intentional rather than negligent acts, and thus do not fall within the waiver of sovereign immunity. *Id.*

 Rivera's claims for negligent training and supervision likewise fail. To state a claim under the Tort Claims Act, a plaintiff must allege an injury resulting from the "condition or use of tangible personal or real property." *Petta*, 44 S.W.3d at 580 (quoting Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2)). We have already held that the use of the pepper spray, handcuffs, and K–9 service dog were intentional, and not negligent, acts. The only other possible claim for the use of tangible personal property under the pleadings in this case would be the city's written deadly force guidelines, training manuals, or other documentary evidence.

 However, the Texas Supreme Court has long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities. *Id.; Univ. of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex.1994). Simply reducing information to writing on paper does not make the information "tangible personal property." *Petta*, 44 S.W.3d at 580; *Dallas County v. Harper*, 913 S.W.2d 207, 207–08 (Tex.1995); *York*,

871 S.W.2d at 179. The Texas Supreme Court has also specifically held that information in an emergency room procedures manual is not tangible personal property. *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994). Thus, while instructional manuals can be seen and touched, the legislature has not waived immunity for negligence involving the use, misuse, or non-use of the information they contain. *Petta*, 44 S.W.3d at 581; *York*, 871 S.W.2d at 179. Because written information in the form of instructions and manuals is not tangible personal property, Rivera's claims for negligent training and supervision are without merit. We sustain the city's second issue.

## C. Standing to Assert Claims for Injunctive Relief

 In the city's third and final issue, it claims Rivera lacks standing to assert any claims for injunctive relief on behalf of herself and the putative class. We agree. In the court below, Rivera attempted to assert a claim for injunctive relief on behalf of herself, and as representative of a class, seeking to prohibit the city's police officers from using excessive and deadly force.

 Standing is a constitutional prerequisite to maintaining suit in either state or federal court. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex.2001); *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex.2001); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993). For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings. *Lara*, 52 S.W.3d at 184. If a controversy ceases to exist— "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the case becomes moot. *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71

L.Ed.2d 353 (1982)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).

In *Williams v. Lara*, 52 S.W.3d at 183–85, the Texas Supreme Court held that former inmates of a jail facility did not have standing to assert a claim for injunctive relief concerning jail conditions or policies (establishment of religion) because, since they have been released, they lacked a legally cognizable interest in obtaining injunctive relief. Because the former inmates no longer faced the unconstitutional conduct about which they were complaining, their claims for injunctive relief were moot. *Id.* at 184.

Concerning the "capable of repetition, yet evading review" exception to the mootness doctrine, the *Lara* court held the former inmates could not form a reasonable expectation they would be subjected to the same wrongful action again because it would be too speculative to assume the former inmates would again be charged with a crime and incarcerated in the jail facility. *Id.* at 184. Furthermore, because former offenders are required by law to prevent their own recidivism, the *Lara* court could not assume the former inmates would again break the law. *Id.* at 185.

In this case, Rivera herself was never subjected to excessive and deadly force. Her claims stem from the use of excessive and deadly force against her father. Unfortunately, because he is dead, Mr. Rivera can never again be subjected to excessive and deadly force. In addition, we cannot assume Rivera will break the law because she is required to comply with the law. As in *Lara*, whether or not Rivera will be subject to excessive force herself is specu-

lative. *See id.* at 184. We conclude Rivera lacks standing to assert claims for injunctive relief concerning excessive and deadly force by the city's police department. Because Rivera herself lacks standing, she lacks standing to be a class representative. *Novak*, 52 S.W.3d at 706, 711.

### III. CONCLUSION

We sustain all three issues presented by the city. We conclude the city's plea to the jurisdiction should have been sustained, and accordingly, we reverse and render judgment that the suit is dismissed in its entirety.