IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00218-CV

 

Eugene Peiskee et al.,

                                                                      Appellants

 v.

 

The City of Hearne,

                                                                      Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court # 01-06-16,237-CV

 



MEMORANDUM OPINION



 








      Appellant
Eugene Peiskee has filed a motion to dismiss the appeal.  The motion complies with the relevant rule.  See Tex. R. App. P. 42.1(a)(1).

      On September
 28, 2004, the Clerk
notified the parties as follows:

Pursuant to Rules 42.3 and 44.3 of the Texas
Rules of Appellate Procedure, you are notified that this cause is subject to
dismissal for want of jurisdiction because it appears that the motion for new
trial, and thus the notice of appeal, is untimely.  See Tex.
R. App. P. 26.1, 42.3(a), 44.3; Tex.
R. Civ. P. 329b(a).  Further, it
appears from the record before this Court that the consolidation order of July 29,
 2002, added new parties
and claims to the cause below.  This
raises the question of what effect the consolidation had on the finality of the
judgment that is the subject of this appeal. See Lehmann v. Har-Con Corp., 39
S.W.3d 191 (Tex. 2001). 
Therefore, this Court may dismiss this appeal unless, within fourteen
days of the date of this letter, a response is filed showing grounds for
continuing the appeal.

Finally, after requests for a status report
regarding the referral to mediation, the parties advised the Court that they
had settled the cause below.  As of this
date, however, the parties have filed nothing that would dispose of this appeal
as a result of the settlement.  The
appellant, Eugene Peiskee, must notify the Court of the status of the mediation
within fourteen days of the date of this letter.  The failure to file a timely response to this
letter may also result in dismissal of this appeal.  See Tex.
R. App. P. 42.3(c).

      No party has filed a response showing
grounds for continuing the appeal, and Peiskee has not notified the Court of
the status of the mediation. 
Accordingly, the appeal is dismissed. 
Costs are taxed against Peiskee.  See Tex.
R. App. P. 42.1(d).

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

Appeal
dismissed

Opinion
delivered and filed October 20, 2004

[CV06]

 






ssault.”  Hailey v. State, 50
S.W.3d 636, 640 (Tex. App.—Waco 2001), rev’d on other grounds, 87 S.W.3d
118 (Tex. Crim. App. 2002) (Hailey, 50 S.W.3d 636 citing Wal-Mart
Stores, Inc. v. Odem, 929 S.W.2d 513, 522 (Tex. App.—San Antonio 1996, writ
denied)); accord Morgan v. City of Alvin, 175 S.W.3d 408, 418 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).  Under the Texas Penal Code, “[a]
person commits an assault if he ‘intentionally or knowingly causes physical
contact with another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative.’”  Green v.
Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 134 (Tex. App.—Houston
[1st Dist.] 1999, no pet.) (quoting Tex.
Penal Code Ann. § 22.01(a)(3) (Vernon [Supp. 2006])).  

      In the City’s second issue,
the City does not contend that the Williamses failed to plead a use of tangible
personal property.  The City argues, rather, that the officers’ use of the
weapons, as alleged by the Williamses, constituted assault.  The Williamses
alleged that the officers “negligently began repeatedly shooting [Robert
Williams, Sr.] with Tasers, shocking him over and over with 50,000 volts of
electricity,” and that “[e]ach of the shooting officers negligently held the
Taser triggers for various durations, all the while causing a continuous
current to surge through Mr. Williams’ body.”  Under the facts pleaded, though
the facts being couched in terms of negligence, the officers intended physical
contact with Williams which the officers would have reasonably believed that
Williams would regard as offensive, and thus the officers committed assault on
him.[4]

      The Williamses argue that they
did not allege that “the officers intended to kill, or even seriously injure,”
Robert Williams, Sr.  (Br. at 12.)  The officers did, however, assault
Williams.

      Since the officers assaulted
Robert Williams, Sr., their conduct falls within the assault exception to the
waiver of sovereign immunity.  We sustain the City’s second issue.  Having
sustained the City’s second issue, we need not consider the City’s third or
fourth issues, concerning other exceptions to the waiver of sovereign immunity.

Supervision and Training or Product Liability

      In the City’s fifth issue, the
City argues that the Williamses bring claims for negligent supervision and
training and for product liability, and that the Tort Claims Act does not waive
sovereign immunity for such claims.  The Act does not waive sovereign immunity
for negligent supervision and training.  “[A]llegations of negligent
supervision do not satisfy the limited waiver of immunity contained within the”
Act.  Univ. of Tex. Health Sci. Ctr. v. Schroeder, 190 S.W.3d 102, 106
(Tex. App.—Houston [1st Dist.] 2005, no pet.); accord City of San Antonio v.
Parra, 185 S.W.3d 61, 64 (Tex. App.—San Antonio 2005, no pet.); City of
Garland v. Rivera, 146 S.W.3d 334, 338 (Tex. App.—Dallas 2004, no pet.); Gainesville
Mem’l Hosp. v. Tomlinson, 48 S.W.3d 511, 514 (Tex. App.—Fort Worth 2001,
pet. denied); see Tex. A & M Univ. v. Bishop, 156 S.W.3d
580, 583 (Tex. 2005); Tex. Dep’t of Pub. Safety v. Petta, 44
S.W.3d 575, 580 (Tex. 2001).  A negligent-training claim alleges the use
of “information,” which “is not tangible personal property, since it is an
abstract concept that lacks corporeal, physical, or palpable qualities.”  Petta
at 580; see Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2).

      The Williamses purport to
distinguish Petta and Rivera on the grounds that the Williamses
allege the negligent use of Tasers rather than of information.  Cf. Petta, 44
S.W.3d 575; Rivera, 146 S.W.3d 334.  For the reasons stated above,
however, the Williamses’ claims for the use of the weapons fall within the
assault exception to the waiver of sovereign immunity, and thus are barred by
the Tort Claims Act.[5]  See Rivera at 338-39.

      The Williamses concede that they “have not
alleged and are not making a strict products liability claim against the
City.”  (Br. at 22.)  In any case, the Tort Claims Act does not waive immunity
for product-liability claims.  Nat’l Sports & Spirit, Inc. v. Univ. of
N. Tex., 117 S.W.3d 76, 84 (Tex. App.—Fort Worth 2003, no pet.), disapproved
of on other grounds, Loutzenhiser, 140 S.W.3d at 364-65; Loyd v. ECO
Res., Inc., 956 S.W.2d 110, 125 (Tex. App.—Houston [14th Dist.] 1997, no
pet.).

      The Tort Claims Act does not
waive sovereign immunity for negligent-supervision and product-liability
claims.  We sustain the City’s fifth issue.

CONCLUSION

      Having sustained the City’s
specific second and fifth issues, we sustain the City’s general first issue.  

      We
reverse and render judgment that the Williamses’ suit against the City is
dismissed with prejudice.  

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice Vance issued an opinion on
October 18, 2006)

      (Justice
Reyna issued a dissenting opinion on October 18, 2006)

      (Judgment
issued on October 18, 2006)

Reversed
and rendered

Opinion
delivered and filed October 30, 2006

[CV06]









[1]   A judgment was entered in this case on October
18, 2006.  I agreed with the judgment but I did not join Justice Vance’s
plurality opinion containing, as it does, much dicta and extraneous matter. 
Historically, when the justices on this Court have split in three different
directions, we have designated one opinion as “lead opinion,” designated the
other opinion that agreed with the judgment as a “concurring opinion,” and
designated the other opinion that did not agree with the judgment as a
“dissenting opinion.”  Justice Vance refused to denominate his opinion as
anything other than an “opinion” and contends that it is the opinion of the
Court.  It is not.  In such a situation as this, where no opinion receives a
majority of the votes of the justices on the Court, it is only a plurality
opinion.  The parties were notified on October 19, 2006, that, contrary to the
opinion dated October 18, 2006, I would issue an opinion in this appeal.  This
opinion is intended to be “no longer than necessary to advise the parties of
the court’s decision and the basic reasons for it.”  See Tex. R. App. P. 47.4.





[2]   The Williamses allege the use of “Tasers”
manufactured by co-defendant Taser International, Inc.  According to the TASER
International web site, “TASER devices are generically known as electronic
control devices,” and are “conductive energy device[s].”  TASER Int’l, TASER™
Technology Summary with Q&As, http://‌www‌.taser‌.com/‌facts/‌qa‌.htm (last visited Oct. 27, 2006).  

TASER devices utilize compressed
nitrogen to project two small probes . . . at a speed of over 160
feet per second.  These probes are connected to the TASER device by insulated
wire.  An electrical signal is transmitted through the wires to where the
probes make contact with the body or clothing, resulting in an immediate loss
of the person’s neuromuscular control and the ability to perform coordinated
action for the duration of the impulse.

Id.





[3]   We will leave for another day what may be a subtle distinction in
our review between (1) pleading a claim under the provisions for waiver of
sovereign immunity which is not excepted by another provision of the Tort
Claims Act and (2) pleading a waiver and simultaneously negating the
application of an exception to that waiver.  In this appeal, no party has
argued that the failure to negate the application of an exception is reviewed
as anything other than a failure to plead a claim within the scope of the
waiver.





[4]   As a practical method of how to conduct such a review, it is often
helpful to simply ignore the use of the term “negligence” in the pleading.  The
remaining allegations can then be reviewed and classified as either an
allegation of failing to act as a reasonable person or an allegation of conduct
that would fall within an exception.





[5]   The Williamses also argue that they: “are not
claiming that [the City]’s policy was negligently formulated.  Instead, the
negligence arises from the implementation of that policy.”  (Br. at 20 (emphasis in orig.) (citing City of San Augustine v. Parrish, 10 S.W.3d
734, 740 (Tex. App.—Tyler 1999, pet. dism’d w.o.j.)).)  Parrish is
distinguishable.  Parrish concerns the “police-protection” and
“discretionary” exceptions to the waiver of sovereign immunity.  Parrish, 10
S.W.3d at 740; see Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.055(3), 101.056 (Vernon
2005).  The City’s fifth issue does not concern those exceptions to the waiver,
but whether the Williamses’ claims come within the waiver at all.