MEMORANDUM OPINION

No. 04-04-00714-CV

Kurt GARRISON,
Appellant

v.

CITY OF LEON VALLEY,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-12167
Honorable Michael Peden, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   March 9, 2005

AFFIRMED
            Appellant Kurt Garrison appeals the trial court’s order granting the City of Leon Valley’s
plea to the jurisdiction. Because the issue in this appeal involves the application of well-settled
principles of law, we affirm the trial court’s judgment in this memorandum opinion under Texas
Rule of Appellate Procedure 47.4.
Background
            Garrison filed suit against the City of Leon Valley, four Leon Valley police officers, and the
Leon Valley prosecuting attorney for various claims relating to actions allegedly taken in the
prosecution of a traffic ticket against him. The City filed a plea to the jurisdiction, arguing that any
intentional tort claims alleged by Garrison are barred by section 101.057 of the Texas Tort Claims
Act (“TTCA”), any negligence claims do not fall within the limited waiver of sovereign immunity
found in section 101.021 of the TTCA, and any constitutional claims under the Texas Constitution
are barred under the Texas Supreme Court’s decision in City of Beaumont v. Bouillion, 896 S.W.2d
143, 147-49 (Tex. 1995), which held that there is no implied private right of action for damages
arising under the Texas Constitution. The trial court granted the City’s plea to the jurisdiction,
dismissed all of Garrison’s claims against the City with prejudice, and severed those claims against
the City from the original lawsuit, thus creating a final judgment. Garrison appeals.
Sovereign Immunity
            In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits
in which the state or certain governmental units have been sued unless the state consents to suit. 
Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). The TTCA provides
a limited waiver of sovereign immunity. Id. And, unless the TTCA or some other statute or
constitutional provision expressly waives immunity, a city is immune from suit. City of Garland v.
Rivera, 146 S.W.3d 334, 337 (Tex. App.—Dallas 2004, no pet.); see Miranda, 133 S.W.3d at 224-25. Because sovereign immunity from suit defeats a trial court’s subject-matter jurisdiction, it is
properly asserted in a plea to the jurisdiction. Miranda, 133 S.W.3d at 225-26. 
            Whether a pleader has alleged facts that affirmatively demonstrate a trial court’s subject-matter jurisdiction is a question of law reviewed de novo. Id. at 226.
Plea to the Jurisdiction
            In his first issue, Garrison argues that the “trial court committed fundamental error when
granting [the City]’s plea to the jurisdiction against Garrison’s common law claims brought against
[the City].” According to Garrison, the trial court should not have dismissed the following claims
against the City: “trespass, negligent supervision of City employees, conspiracy to unlawfully injure 
Garrison, and respondeat superior for unlawful acts committed by City employees.”


 In his petition,
he alleges that the City is liable because it has “policies and procedures” that allow its employees
to engage in these wrongful actions. Garrison, however, does not specify which “policies and
procedures” allowed the City’s employees to engage in these actions.


 
            Under the common-law doctrine of sovereign immunity, a municipality cannot be held liable
for the actions of its employees unless there is a constitutional or statutory provision waiving such
immunity. See City of Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex. 1998). The TTCA is such a
statute that waives sovereign immunity under certain circumstances. See id. For a governmental unit
to be held liable for the acts of its employees under the TTCA, (1) the claim must arise under one
of the three specific areas of liability listed in section 101.021; and (2) the claim must not fall within
an exception to the waiver of sovereign immunity. See Rivera, 146 S.W.3d at 338; Scott v. Prairie
View A & M Univ., 7 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
            Section 101.021 provides for three specific areas of liability: 
A governmental unit in the state is liable for:
 
(1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:
 
(A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor-driven
equipment; and
 
(B) the employee would be personally liable to the claimant according
to Texas law; and
 
(2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). 
            Section 101.057 provides for an exception to this limited waiver of liability; the limited
waiver of sovereign immunity provided for by the TTCA does not apply to a claim “arising out of
assault, battery, false imprisonment, or any other intentional tort. . .” Tex. Civ. Prac. & Rem. Code
Ann. § 101.057 (Vernon 1997).
            Thus, Garrison must establish an independent waiver of sovereign immunity before he may
advance his claim that the City is liable under a negligent implementation of a policy theory of
recovery. See City of Garland v. Rivera, 146 S.W.3d 334, 338 (Tex. App.—Dallas 2004, no pet.).
Although the TTCA waives sovereign immunity for claims that an officer negligently carried out
governmental policy, Texas Department of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001),
the negligent implementation theory of liability does not itself waive immunity. Rivera, 146 S.W.3d
at 338; Guadalupe-Blanco River Auth. v. Pitonyak, 84 S.W.3d 326, 342 (Tex. App.—Corpus Christi
2002, no pet.). It arises only after a plaintiff has established a waiver of immunity under some other
provision of the TTCA. Rivera, 146 S.W.3d at 338; Guadalupe-Blanco, 84 S.W.3d at 342.
Accordingly, a plaintiff has to state a waiver of immunity under some provision of section 101.021
before he can invoke a claim of negligent implementation of policy. Rivera, 146 S.W.3d at 338;
Guadalupe-Blanco, 84 S.W.3d at 342. Additionally, a plaintiff must, at a minimum, allege facts
showing how the governmental policy was negligently implemented. Rivera, 146 S.W.3d at 338; see
Petta, 44 S.W.3d at 580. 
            Here, Garrison does not even describe which policies and procedures allowed the City’s
employees to engage in wrongful conduct. He merely alleges in a conclusory fashion that the City
should be liable because it maintains policies and procedures that allows the City’s employees to
engage in wrongful conduct. 
            Moreover, even if Garrison had specified a particular policy or procedure, under his
implementation of policy theory of liability, Garrison has not alleged how his claims would fall
under section 101.021 of the TTCA. Garrison has not alleged facts that would provide for
governmental liability under section 101.021(1). See Tex. Civ. Prac. & Rem. Code Ann. §
101.021(1) (Vernon 1997) (providing for governmental liability if injury proximately caused by
governmental employee, while in the scope of his employment, was using a motor-driven vehicle
or equipment). And, under section 101.021(2), Garrison would have had to allege that he suffered
an injury resulting from the “condition or use of tangible personal or real property.” Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2) (Vernon 1997). 
            The alleged wrongful conduct of the City’s employees, however, which may have involved
the use of tangible personal property, were intentional acts and thus excepted from the TTCA’s
limited waiver of immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997). The
only other possible claim for the use of tangible property would be the City’s “policies and
procedures.” However, the supreme court has long held that because information is an abstract
concept that lacks corporeal, physical, or palpable qualities, it is not tangible personal property.
Petta, 44 S.W.3d at 580; Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994).
Simply reducing information to writing on paper does not make the information “tangible personal
property.” Petta, 44 S.W.3d at 580. Thus, any allegation of the use of policies or procedures would
not meet section 101.021(2)’s requirement. See Rivera, 146 S.W.3d at 338-39. 
            Therefore, Garrison’s petition does not allege facts that would fall within the TTCA’s waiver
of sovereign immunity.
            Despite this fact, Garrison believes that the trial court should have allowed him to advance
his “common law claims” and emphasizes that he brought “common law claims,” not claims under
the TTCA. What Garrison fails to understand is that for sovereign immunity to be waived, his claim
must be brought under the TTCA, or some other statute or provision of the constitution


 that waives
sovereign immunity.
            We overrule Garrison’s first issue.
Unverified Plea to the Jurisdiction
            In his third issue, Garrison argues that the trial court erred in granting the City’s plea to the
jurisdiction because it was not verified. Texas Rule of Civil Procedure 93 requires certain pleas to
be verified “unless the truth of such matters appears of record.” Tex. R. Civ. P. 93. In City of Fort
Worth v. Robles, 51 S.W.3d 436, 444-45 (Tex. App.—Fort Worth 2001, pet. denied), the court of
appeals held that because of this exception under rule 93, the City did not need to file a verified plea
to the jurisdiction. In Robles, the City did not challenge the facts asserted in the plaintiff’s petition.
Id. at 445. Instead, it argued that even if the plaintiff’s allegations were true, the suit could not
proceed as a matter of law. Id. The court of appeals agreed and held that because the record
affirmatively demonstrated the deficiency of the plaintiff’s pleadings, the City fell within the
exception provided in rule 93 and was not required to verify its plea. Id.
            Similarly, here, the City was not challenging the allegations asserted in Garrison’s petition.
Instead, it argued that even if Garrison’s allegations were true, they were barred as a matter of law.
As such, the City was not required to file a verified plea to the jurisdiction.
            We overrule Garrison’s third issue. 
Severance
            In his second issue, Garrison argues that the trial court erred in granting the City’s motion
for severance. Texas Rule of Civil Procedure 41 provides that “[a]ny claim against a party may be
severed and proceeded with separately.” Tex. R. Civ. P. 41. A claim may be properly severed if it
is part of a controversy which involves more than one cause of action, and the trial judge is given
broad discretion in the manner of severance and consolidation of causes. Cherokee Water Co. v.
Forderhause, 641 S.W.2d 522, 525-26 (Tex. 1982). The controlling reasons for a severance are to
“do justice, avoid prejudice and further convenience.” Guar. Fed. Sav. Bank v. Horseshoe Operating
Co., 793 S.W.2d 652, 658 (Tex. 1990).
            The supreme court has held that when a claim was severed after summary judgment,
“apparently in an effort to expedite appellate review” of the claim, there is no abuse of discretion by
the trial court. Cherokee, 641 S.W.2d at 525-26; see also Arredondo v. City of Dallas, 79 S.W.3d
657, 665 (Tex. App.—Dallas 2002, pet. denied) (noting that although the trial court need not sever
an interlocutory summary judgment, it has broad discretion in determining whether to grant a
severance); Guidry v. Nat’l Freight, Inc., 944 S.W.2d 807, 812 (Tex. App.—Austin 1997, no writ)
(same).
            Although this case involves the granting of a plea to the jurisdiction and not a summary
judgment, we believe that similar policies of doing justice, avoiding prejudice, and furthering
convenience apply here. While the granting of a plea to the jurisdiction is appealable by interlocutory
order, see Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004-05), such an
interlocutory appeal would stay all proceedings in the trial court pending resolution of the appeal,
see id. § 51.014(b). Here, the trial court was presented with a meritorious plea to the jurisdiction,
correctly determining that Garrison’s allegations against the City had failed to invoke its subject-matter jurisdiction. Instead of allowing the cause to be stayed pending an interlocutory appeal, the
trial court determined that justice and convenience would be furthered by severing Garrison’s claims
against the City from those against the other defendants in the cause. Under the facts of this case, we
cannot find an abuse of discretion by the trial court.
            We overrule Garrison’s second issue.
Conclusion
            Having overruled all issues, we affirm the judgment of the trial court.
 
Karen Angelini, Justice