**Dissenting Opinion Filed May 12, 2023**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-22-00826-CV**

**THE CITY OF MESQUITE, TEXAS, Appellant**
**V.**
**ANTHONY WAGNER, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-02864**

## DISSENTING OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Dissenting Opinion by Justice Goldstein

I start with the premise that the Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *City of Garland v Rivera*, 146 S.W.3d 334, 337 (Tex. App.—Dallas 2004). I do not assume, but rather specifically conclude based upon the record and undisputed facts, that Officer Crawford was responding to an emergency situation. I do not agree that there were sufficient allegations of Crawford's "conscious indifference or reckless disregard for the safety of others" or that Wagner presented evidence of either to create a genuine issue of material fact as to one of the

exceptions listed in section 101.055(2). For the reasons set forth herein, I respectfully dissent.

The Texas Tort Claims Act waives governmental immunity for "personal injury . . . caused by a condition or use of tangible personal property . . . if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). The TTCA also enumerates exceptions to the waiver of immunity, including the "emergency exception" in section 101.055(2), entitled "Certain Governmental Functions" which provides that the Act does not apply to a claim arising from:

> (2) the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

> (3) from the failure to provide or the method of providing police or fire protection.

TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.055(2), (3). "When the exception applies, the [Act] is unavailable as a waiver of immunity even if the facts otherwise fall within a waiver found in section 101.021." *Kaufman Cnty. v. Leggett*, 396 S.W.3d. 24, 29 (Tex. App.—Dallas 2012, pet. denied) (citing *City of San Antonio v. Hartman*, 201 S.W.3d 667, 671–72 (Tex. 2006)). The Act does not define the terms "emergency call" or "emergency situation," but the Texas Supreme Court has interpreted the term "emergency" broadly. *See Hartman*, 201 S.W.3d at 673 ("[B]ecause the Act creates governmental liability where it would not otherwise

exist, we cannot construe section 101.055(2) to exclude emergencies the Legislature might have intended to include.").

The Texas Supreme Court has recently stated, "[j]ust one valid jurisdictional obstacle is enough for the court to halt further proceedings." *Rattray v. City of Brownsville*, No. 20-0975, 2023 WL 2438952, at *5 (Tex. Mar. 10, 2023) (discussing subject matter jurisdiction under the Texas Tort Claim Act). The court continued:

> The fundamental rule is that the court may not reach the merits if it finds a single valid basis to defeat jurisdiction. When one such ground exists, it is not necessary that *every other* potential jurisdictional defect be raised, fleshed out, or resolved at the outset. When defendants challenge jurisdiction on multiple grounds, courts are therefore not duty-bound to address them all if any one of them warrants dismissal.

*Id.* (emphasis in original) (footnote omitted). As I would conclude that the emergency exception defeats jurisdiction, I address no other asserted jurisdictional challenges.

In its plea to the jurisdiction, the City contended that Crawford was responding to an emergency call or reacting to an emergency situation when he deployed K-9 Kozmo. The term "emergency" has been construed broadly. *See, e.g., Hartman*, 201 S.W.3d at 672 (city was reacting to an emergency where, among other things, there was imminent threat of severe injury, loss of life or property due to city-wide flooding); *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 410–11 (Tex. App.—Fort Worth 2006, pet. denied) (officers were reacting to emergency situation where suspect in back of patrol car tried to escape through window while being

transported to jail); *see also Jefferson Cnty. v. Hudson*, No. 09–11–00168–CV, 2011 WL 3925724, at \*3 (Tex. App.—Beaumont Aug. 25, 2011, no pet.) (mem.op.) ("emergency" refers to unforeseen circumstances requiring immediate action); *City of El Paso v. Segura*, No. 08–02–00240–CV, 2003 WL 1090661, at \*3 (Tex. App.— El Paso March 13, 2003, pet. denied) (mem.op.) (plaintiff conceded that traffic accident in construction area, to which officers were responding when they moved large construction sign later struck by plaintiff, was emergency situation). Construing this broadly as we must, I conclude that an emergency exists when law enforcement is responding to a call involving a felony in progress, pursuing fleeing suspects in the dark of night under rapidly developing circumstances, and providing back up to officers.

It is undisputed that Crawford was on duty at approximately 3:30 a.m. and called to assist Garland police officers who were responding to a burglary in progress call at a commercial location. Upon his arrival, Crawford was advised of a foot pursuit of burglary suspects and deployed his K-9 Kozmo. As described by Crawford, "[t]he area was completely dark except for a Garland officer's flashlight, and the circumstances were developing rapidly with multiple suspects fleeing officers on foot." The Garland officer and Wagner were on the ground, and Crawford recalled Wagner verbally engaging the Garland officer while the officer was attempting to arrest Wagner. Upon the Garland officer's direction, Crawford proceeded to the left, with his body between Kozmo and the individuals on the

–4–

ground. Kozmo unexpectedly and suddenly lunged toward Wagner, Crawford tripped as the K-9 cut in front, and Crawford fell, causing Crawford to lose control of Kozmo for several seconds. Crawford regained control over Kozmo within 10 seconds, but Kozmo had already bitten Wagner. Crawford testified that all his actions were consistent with his training and industry standards applicable to K-9 officers.

The facts are not in dispute; the interpretation of those facts as to whether the emergency exception applies is contested. Wagner contended that merely assisting in a foot pursuit of suspects not even known to be armed does not qualify for the emergency exception, averring that Crawford's affidavit establishes that he acted with "conscious indifference or reckless disregard for the safety of others" when he failed to control his K-9.

Crawford did not use the term "emergency," but the record reflects that he deployed the K-9 in the pursuit of multiple fleeing burglary suspects in a completely dark area under rapidly developing circumstances, and the suspects were ultimately arrested. The Act refers to the "action of an employee while . . . reacting to an emergency situation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). "[W]e cannot construe section 101.055(2) to exclude emergencies the Legislature might have intended to include." *Hartman,* 201 S.W.3d at 672–73 (rejecting appellate court's holding that "emergency" does not include "what might be colloquially referred to as an 'emergency'"); *see Tooke v. City of Mexia*, 197 S.W.3d 325, 333

–5–

(Tex. 2006) (waiver of immunity must be clear and unambiguous); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (generally, ambiguity must be resolved in favor of retaining immunity), I would conclude that Crawford was reacting to an emergency situation when he was called to assist in the nighttime foot pursuit of fleeing felons and that Wagner has not raised a fact issue regarding whether Crawford was reacting to an emergency situation. *See id.* (burden is on plaintiff to produce sufficient evidence to raise a fact issue concerning whether government employee was responding to an emergency); *see also Kamel v. Univ. of Tex. Health Sci. Ctr.,* 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (if relevant evidence is undisputed or fails to raise a fact question on jurisdictional issue, trial court rules on the plea as a matter of law).

However, the emergency exception applies only if the employee's action is "in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). The evidence showed that Crawford acted in accordance with his training for such situations and, contrary to Wagner's assertions, does not reflect that Crawford acted with conscious indifference or reckless disregard for the safety of others.

The terms "conscious indifference" and "reckless disregard" are not defined, and therefore we give them their ordinary meaning. TEX. GOV'T CODE ANN. §

312.002; *Hartman,* 201 S.W.3d at 672 n.19; *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Pakdimounivong*, 219 S.W.3d at 410–11. The Texas Supreme Court has said that these terms "require proof that a party knew the relevant facts but did not care about the result." *Kuhn*, 260 S.W.3d at 99 (quoting *Hartman*, 201 S.W.3d at 672 n.19). Indulging every reasonable inference in Wagner's favor, no evidence shows that Crawford did not care what happened to Wagner. *See Pakdimounivong*, 219 S.W.3d at 410–12 (officers' actions were not taken with conscious indifference or reckless disregard for safety of deceased when no evidence showed that officers did not care what happened to deceased). *See also City of Houston v Davis,* No.01-13-00600, 2014 WL 1678907 *7 (Tex. App—Houston (1st Dist.) April 24, 2014, pet. denied) (no evidence that officer did not care what happened to Davis, when the officer left his patrol car door open during a traffic stop and his K-9 bit Davis).

The "reckless disregard" test "requires a showing of more than a momentary judgment lapse." *Kuhn*, 260 S.W.3d at 99 (quoting *City of Amarillo v. Martin*, 971 S.W.2d 426, 429–30 (Tex. 1998)). To establish recklessness in this context, the employee must have committed an act that he knew or should have known posed a high degree of risk of serious injury. *Id.*; *Green v. Alford*, 274 S.W.3d 5, 22–23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Here, I would conclude the evidence fails to raise a fact issue regarding whether Crawford acted with conscious indifference or reckless disregard in his

–7–

deployment and use of the K-9.  The evidence shows that Crawford's use of the K-9 was in keeping with his training, and he did not expect or intend Kozmo to lunge at Wagner or for Wagner to sustain an injury from any act of his or Kozmo's.  The record reflects Crawford's belief that he had allowed enough clearance to safely pass and that Wagner and the officer's loud verbal dialogue and movement as they passed re-directed Kozmo's attention.  Crawford admitted "the conditions and distance are things I should have anticipated and accounted for."  If anything, this last statement reflects "a momentary judgment lapse" and does not raise a fact issue that Crawford knew or should have known that his handling of Kozmo posed a high degree of risk of serious injury to Wagner or that Crawford did not care what happened to Wagner. See *Kuhn*, 260 S.W.3d at 99.

Based upon the foregoing, I would reverse the trial court's order denying the City's plea to the jurisdiction and render judgment granting the City's plea to the jurisdiction and dismissing Wagner's claims against the City with prejudice.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220826DF.P05