## S. H. KRESS & CO. v. BRASHIER et al.
### No. 8844.

Court of Civil Appeals of Texas.
San Antonio.
May 25, 1932.

Boggess, LaCrosse & Lowrey, of Del Rio, for appellant.

Jones & Lyles, of Del Rio, for appellees.

SMITH, J.

Appellee Mrs. J. W. Brashier (joined by her husband) brought suit and recovered judgment for damages in the sum of $500 against appellant, S. H. Kress & Co.

An outline of the facts is as follows:

Appellant operates a store in Del Rio. Appellee, accompanied by her married daughter and a little girl, four years old, went into the store to do some shopping. Appellee saw a pattern book on one of the counters on which goods were displayed for sale. The book was price-marked 15 cents. In response to appellee's inquiry, the attending saleswoman told her the book was for sale at said price, appellee purchased and paid for it, the saleswoman rolled it up and delivered it to appellee, who passed on to the thread counter, in another part of the store, and began to negotiate with the saleswoman there for some thread. She was carrying the pattern book under her arm. At this juncture the general manager of the store approached appellee, and in a loud and insulting manner accused her, in effect, of having stolen the pattern book, which he thereupon violently jerked from her possession, and retained. Besides those in her immediate party, other store employees and customers heard and witnessed the obviously and inexcusably outrageous transaction. Appellee testified to the resulting injurious effect upon her sensibilities, and upon her mental and physical condition, which was such as to warrant the $500 verdict.

In response to special issues the jury found: (1) that appellant's "agent and employee dispossessed plaintiff, Mrs. J. W. Brashier, of the magazine or catalogue referred to in the evidence in the manner and under the circumstances alleged in plaintiff's petition"; (2) that appellee did "suffer from humiliation and indignity by reason of being dispossessed of the article she had purchased, by defendant's agent, in the manner and under the circumstances disclosed by the evidence"; (3) that $500 would compensate appellee "for the humiliation and indignity she suffered."

Appellant has presented the appeal upon the theory that the suit is an action purely for slander, and invokes the technical rules applicable to such cases for the purpose of testing appellee's right to recover under her pleadings and proof. The case is not one of slander, but is an action for damages for an assault or trespass upon the person. Questions of privileged communication, or of malice, or good faith, have nothing to do with the case, which does not involve exemplary damages, but actual damages only. The trial court correctly overruled appellant's general demurrer and its request for a directed verdict, which rulings are complained of in appellant's first and fourteenth assignments of error, now overruled.

Appellant has grouped its assignments 11, 12, and 13 and submitted them without propositions to support them, and under every rule of briefing they could and should be disregarded on appeal. We have nevertheless considered them, and regard them without merit.

It appears that the trial court refused, in response to appellee's objection, to permit appellant's general manager, while on the witness stand, to answer the questions, first, "Did you have any idea in the world that Mrs. Brashier had stolen this book?" and, second, "Mr. Kennedy, what did you think when you saw this pattern under her arm?" In the absence of any charge of malice against appellant, it is apparent that the witness' "ideas" and "thoughts" were wholly immaterial, and properly excluded. But, aside from all other considerations, appellant did not show what answers the witness would have made to the questions, had he been permitted to answer, and for this reason, besides

924

all others, assignments 11 and 12 must be overruled.

In assignment 13 complaint is made of the ruling of the court in refusing to permit the same witness to testify, in effect, that appellant had instructed him not to permit the sale of the pattern book in question, but to account to appellant for same at the end of the season. There was no error in this ruling. Secret instructions of that character could not bind appellee, or excuse or extenuate the violent and insulting conduct of the witness on the occasion here in controversy.

In its assignments 15, 16, and 17 appellant complains of the refusal of the trial court to submit certain requested special issues to the jury. Appellant insists that the rejected issues were proper as being pertinent to the defense that the insulting words of appellant's general manager were "privileged." We repeat, the question of privileged communications is not in this case. Appellant's manager was found by the jury to have been guilty of an unwarranted assault or trespass upon the person of appellee, and the technical question of privileged communications in libel or slander suits has no bearing upon such suit.

In its assignments of error 5 to 10, inclusive, appellant complains of questions propounded to or answered by appellee and her husband while testifying. We overrule the fifth assignment because no specific objection was made to the testimony there complained of; the sixth, seventh, and ninth must be overruled because the questions there complained of were not answered by the witness.

Appellant's assignment 8 is that "the court erred in permitting plaintiff's counsel, over the objection of defendant, to ask plaintiff, while on the stand as a witness in her own behalf, whether or not she had ever been placed in a position or attitude where her honesty or integrity had been questioned, and in permitting her to reply thereto 'never.'" It appears from the record that when her counsel asked appellee if she were "ever accused of dishonesty," appellant's counsel objected to the question on the ground that "Mr. Kennedy (appellant's general manager) made no attack whatever on the lady's reputation, and did not—does not intend to." The court overruled this objection, but the witness did not answer the question. Whereupon her counsel asked her, "Were you ever placed in a position or attitude where your honesty or integrity was questioned?" No objection was made by appellant to this question until the witness answered, "Never," whereupon appellant's counsel stated, "We want to interpose the same objection," to which the court responded, "Overruled." Appellant did not request the court to strike out

the answer already made. Such a request was necessary as a predicate to appellant's complaint of the presence of that testimony in the record. We overrule assignment 8, in which the matter is presented, and for like reasons overrule assignment 10.

The judgment is affirmed.