**Emmit E. FISHER, Appellant,**

v.

**CARROUSEL MOTOR HOTEL, INC., et al.,
Appellees.**

**No. 4626.**

Court of Civil Appeals of Texas.

Waco.

April 20, 1967.

Rehearing Denied May 11, 1967.

Ben G. Levy, Houston, for appellant.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Raybourne Thompson, Jr., Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Fisher from a take-nothing judgment in a suit for damages for an alleged assault on plaintiff by defendant's employee.

Plaintiff sued Carrousel Motor Hotel, Inc., the Brass Ring Club, Inc., and R. W. Flynn, alleging plaintiff was invited to dinner by third parties at the Brass Ring Club, operated by defendant Carrousel; that plaintiff was standing in the serving line holding his dinner plate when "plaintiff was assaulted by defendant Flynn, Manager of said Brass Ring Club, who walked over to plaintiff, seized his dinner plate, and violently tore it out of his hand. At the same time, Flynn shouted in a loud and offensive manner that plaintiff, a negro, could not be served there." Plaintiff alleged as a result of Flynn's conduct, "plaintiff suffered great mental anguish and humiliation."

Defendant Carrousel answered by general denial; defendant Flynn was deceased at time of trial; and the trial proceeded against Carrousel and the Brass Ring.

Trial was to a jury which found:

1) Flynn forcibly dispossessed plaintiff of his dinner plate.

2) Plaintiff was humiliated and subjected to indignity by the actions of Flynn in dispossessing plaintiff of his dinner plate.

3) Flynn shouted in a loud and offensive manner that plaintiff could not be served at the Brass Ring Club.

4) Plaintiff was humiliated and subjected to indignity by actions of Flynn in so shouting.

5) Flynn was acting within course and scope of his employment by Carrousel Motor Hotel.

6) $400 will compensate plaintiff for the humiliation and indignity he suffered caused by Flynn's conduct.

7) Flynn acted maliciously with wanton disregard of plaintiff's rights and feelings.

8) Carrousel Motor Hotel did not authorize or approve the conduct of Flynn.

9) $500 will compensate plaintiff for the malicious act and wanton disregard of plaintiff's feelings and rights committed by Flynn.

Plaintiff moved for judgment on the verdict; and defendant moved for judgment that plaintiff take nothing, asserting that as a matter of law the acts complained of by plaintiff, committed by Flynn, do not constitute an assault or other actionable cause.

The trial court overruled plaintiff's motion for judgment; and granted defendant's motion N.O.V. that plaintiff take nothing.

Plaintiff appeals, contending the trial court erred:

1) In denying plaintiff's motion for judgment; and

2) In granting defendant's motion for judgment non obstante.

The record reflects plaintiff came into the Brass Ring with others and picked up a plate at the serving line. Flynn approached plaintiff and took the plate from his hand and told him he could not be served. Plaintiff testified that Flynn *did not physically touch him.* There is no evidence plaintiff ever suffered any fear or apprehension, or that he suffered any resulting physical injury. Plaintiff testified he was highly embarrassed and humiliated.

Article 1138 Vernon's Ann.Texas Penal Code provides:

"The use of any unlawful violence upon the person of another with intent to

injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault."

■ Under the undisputed factual situation, we think no assault was committed by Flynn on plaintiff. Texas Bus Lines v. Anderson, CCA (n. r. e.), 233 S.W.2d 961.

■ Mental anguish and mental suffering without proof of resulting physical injury will not support a recovery of damages. Harned v. E-Z Finance Co., 151 Tex. 641, 254 S.W.2d 81.

■ Absence an assault or resulting physical injury, plaintiff cannot recover for the embarrassment and humiliation suffered as a result of Flynn's conduct.

We think Flynn's conduct did not constitute an assault, and since no resulting physical injuries were alleged or proved, plaintiff has proven no cause of action.

The judgment of the trial court is correct. Plaintiff's points are overruled. Affirmed.