

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00221-CV**

| | | |
|---|---|---|
| City of Watauga | § | From the 17th District Court |
| | § | of Tarrant County (17-252867-11) |
| v. | § | November 21, 2012 |
| Russell Gordon | § | Opinion by Justice Walker |

# JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellant City of Watauga shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00221-CV

CITY OF WATAUGA            APPELLANT

V.

RUSSELL GORDON            APPELLEE

----------

## FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellee Russell Gordon filed suit against Appellant City of Watauga, alleging that he suffered personal injuries when two City of Watauga Police Officers, while arresting him and again while transporting him to jail, negligently used tangible personal property—handcuffs—to pin his hands behind his back too tightly.[1] The City filed a plea to the jurisdiction, asserting that it was immune

---

[1] The facts pleaded by Gordon were as follows: one evening City of Watauga police pulled him over on suspicion of driving while intoxicated; after

from suit because the police officers' conduct fell within the intentional tort exception to the Texas Tort Claims Act's (TTCA) waiver of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011) (excluding from TTCA's limited waiver of immunity claims arising out of assault, battery, false imprisonment, or any other intentional tort). The trial court signed an order denying the City's plea to the jurisdiction, and the City perfected this interlocutory appeal.

In a single issue, the City contends that the trial court erred by denying its plea to the jurisdiction. For the reasons set forth below, we will affirm the trial court's denial of the City's plea to the jurisdiction.

The standard of review of an order granting a plea to the jurisdiction based on governmental immunity is de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964

---

Gordon politely refused to perform field sobriety tests, the officers told him that he would be placed under arrest and handcuffed; Gordon "consented to the arrest and allowed the officer to place the cuffs on him without any resistance"; Gordon repeatedly informed the officer that the handcuffs were too tight and were hurting him, but the officer did not check the tightness of the handcuffs. Gordon pleaded that at the police station, after he had refused to perform any additional sobriety tests, he was told that he would be handcuffed and taken to jail. Gordon again consented, and the placement of handcuffs occurred without incident. Gordon told the officers that the handcuffs were too tight and were causing him pain. Again, the officers did not check or loosen the handcuffs. Gordon pleaded a negligence claim, pleading that the officers acted negligently in their use of tangible personal property, specifically the use of handcuffs, in one or all of the following ways: by failing to properly use the handcuffs as designed; by failing to follow proper policies and procedures as to the proper use of handcuffs; and by applying the handcuffs on him in a manner that was too tight on his wrists.

3

S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *See Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* This standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228.

Under the doctrine of sovereign immunity, the State is not liable for the negligence of its employees absent a constitutional or statutory provision for liability. *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994).

4

Statutory provisions authorizing imposition of liability on the State for the negligence of its employees are set forth in section 101.021(2) of the TTCA; that section expressly waives sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011). Section 101.021(2)'s limited waiver of sovereign immunity does not apply, however, to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* § 101.057.

Here, the City conceded in its brief and during oral argument that the police officers' use of handcuffs constitutes the use of tangible personal property for purposes of section 101.021(2)'s limited waiver of immunity. The City argues, however, that the evidence it submitted in support of its plea to the jurisdiction established that the handcuffs were not *negligently* used but instead were *intentionally* used. The City points to the affidavits of the police officers that the City filed in support of its plea to the jurisdiction and argues that the officers applied the handcuffs to Gordon exactly as they intended to do and in accordance with their training, so that "the actions underlying Plaintiff's claims are intentional acts rather than potential acts of negligence." The City asserts

that the police officers thus committed intentional torts[2] and that the TTCA's limited waiver of immunity does not apply to intentional torts. *See id.*

Premised on the police officers' affidavits stating that they had *intentionally* applied the handcuffs to Gordon and that the handcuffs were not used "in any manner other than exactly how [the officers] intended them to be used and applied" and were applied "[a]s per training," the City argues that this intent—that the officers intended their acts as opposed to intended to cause the injuries at issue—qualifies their conduct in applying the handcuffs as an intentional tort. In its brief, the City thoroughly analyzes and attempts to delineate and distinguish between the case law holding, according to the City, that to qualify as an intentional tort, the state actor must have only intended his act[3] and the case law holding that to qualify as an intentional tort, the state actor must have intended

---

[2]For example, the City argues that

> [e]ven though the Petition purports to plead a negligence cause of action, the evidence submitted by the Defendant in the trial court establishes that the acts complained of (placing the handcuffs, double locking them and checking by running a finger between the handcuffs and the suspect's wrist) were purposeful and intentional.

[3]The City relies on *City of Waco v. Williams*, 209 S.W.3d 216 (Tex. App.—Waco 2006, pet. denied); *Harris County v. Cabazos*, 177 S.W.3d 105 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *City of Garland v. Rivera*, 146 S.W.3d 334 (Tex. App.—Dallas 2004, no pet.); and *City of Laredo v. Nuno*, 94 S.W.3d 786 (Tex. App.—San Antonio 2002, no pet.).

the injury he caused.[4]  The City urges us to resolve this purported split of authority and argues that only the former intent is required.

We need not decide in this case whether a police officer must have intended only his act or must have intended the injury he caused for a tort that he commits to fall within section 101.057's intentional tort exception to section 101.021(2)'s limited waiver of immunity.  Gordon pleaded facts supporting his claim that the police officers' negligent use of tangible personal property caused his injuries; he did not plead facts that would support an intentional tort.  Gordon specifically pleaded that, both when he was arrested and when he was transported from the police station to the jail, he consented to the application of handcuffs and did not resist their application.  Thus, under Gordon's pleadings, the officers' application of the handcuffs did not involve an offensive touching or contact of Gordon by the officers as required to constitute the intentional tort of assault or battery.  *See* Tex. Penal Code Ann. § 22.01(a)(3) (West 2011) (assault); *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967) (battery).  Because Gordon did not plead facts showing that the police officers committed an assault, battery, false imprisonment, sexual assault, wrongful death or injury via excessive force, or other intentional tort, this case is distinguishable from the cases relied upon by the City.  *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (holding that plaintiff had

---

[4]The City identifies this line of cases as the *Reed Tool* line of cases.  *See Reed Tool Co. v. Copelin*, 689 S.W.2d 404 (Tex. 1985).

pleaded intentional tort by pleading assault and battery claim against officer so that claims against State predicated on officer's conduct fell within intentional tort exclusion from TTCA's limited waiver of immunity); *City of Fort Worth v. Chattha*, No. 02-11-00342-CV, 2012 WL 503223, at *6 (Tex. App.—Fort Worth Feb. 16, 2012, no pet.) (mem. op.) (holding that plaintiff had pleaded intentional tort of battery by pleading that officer performed a "take-down" maneuver to force plaintiff to the ground); *City of Waco*, 209 S.W.3d at 220–24 (holding that plaintiff's pleading—that arresting officers utilized excessive deadly force in decedent's arrest by repeatedly Tasering decedent as he lay helpless on the ground—pleaded an intentional tort); *Harris Cnty.*, 177 S.W.3d at 112 (holding that plaintiff's pleading—that police officer approached vehicle with gun drawn, "walked directly to the driver's side door of the vehicle occupied by the Plaintiff and shot the Plaintiff in the neck"—pleaded an intentional tort); *City of Garland*, 146 S.W.3d at 337–38 (holding that plaintiff's pleading—that police used excessive and deadly force to arrest decedent that included the use of pepper spray, handcuffs, a K-9 police service dog, and other departmentally issued— properly constituted claim for intentional tort); *City of Laredo*, 94 S.W.3d at 789 (holding that plaintiff had pleaded intentional tort of excessive force and assault by pleading that officer banged her vehicle with his hand, dragged her from the vehicle, threw her against the side, hit her in the back with his handcuffs, kicked her on the legs, hit her face against the car, grabbed her breasts, rubbed his private part against her behind, and reapplied handcuffs to her wrist and leg).

8

Likewise, the particular police officers' affidavits filed by the City in this case—which indicate that they *intentionally* applied the handcuffs to Gordon "exactly as they intended to do" and in "accordance with their training," do not plead facts indicating that Gordon's negligent-use-of-personal-property claim is actually an intentional tort claim. Each officer stated in his affidavit, in pertinent part, that Gordon was handcuffed with his hands behind his back using ASP brand handcuffs and

> [a]s per training, I checked the handcuffs to insure they were double locked . . . and not too tight. I check for over tightness by running a finger between the handcuffs and the suspect's wrists. . . . The checks for double locking and tightness are checks which were taught to me in the basic police academy at the beginning of my law enforcement career and are procedures which I follow every time a prisoner is handcuffed.
>
> . . . .
>
> I applied the handcuffs in the manner described and conducted the double-lock check and fitness check with my finger intentionally. At no time were the handcuffs which were applied to Mr. Gordon used in any manner other than exactly how I intended them to be used and applied.

These affidavits state no jurisdictional *facts* establishing an intentional tort; no facts are stated indicating that the police officers committed assault, battery, false imprisonment, sexual assault, wrongful death or injury via excessive force, or other intentional tort. *Accord* Tex. Penal Code Ann. § 22.01(a)(1), (2), (3) (elements of assault), § 22.011 (West 2011) (elements of sexual assault); *Fisher*, 424 S.W.2d at 629–30 (elements of battery); *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375–76 (Tex. 1985) (elements of false imprisonment); *City of*

9

*Laredo*, 94 S.W.3d at 789 (explaining that use of excessive force to arrest someone is "intentional tortious act"). Instead, the officers' affidavits state that they properly applied the handcuffs to Gordon, just as they intended to, in accordance with their training. Thus, to the extent the police officers' affidavits constituted jurisdictional evidence, that evidence implicated the merits of Gordon's claim (whether or not the handcuffs were properly or negligently applied) and, at the very most, raised a fact issue on whether the officers negligently applied the handcuffs to Gordon. *See Miranda*, 133 S.W.3d at 227. To hold otherwise would completely eviscerate the limited waiver of immunity set forth in section 101.021; virtually every time a state actor allegedly negligently used tangible personal property, section 101.021's specific, limited waiver of immunity for this type of conduct could be defeated based solely on an affidavit by the state actor alleging that he or she in fact intentionally intended to use the tangible personal property and intentionally intended to use it in the manner that he or she used it. Accordingly, because the jurisdictional evidence presented by the City—consisting of only the two affidavits by the police officers who handcuffed Gordon—implicated the merits of Gordon's negligent-use-of-tangible-personal-property claim and, at most, established a fact issue on whether the officers negligently applied the handcuffs to Gordon, the trial court properly denied the City's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 277.

We overrule the City's sole issue, and we affirm the trial court's denial of the City's plea to the jurisdiction on Gordon's claim for personal injuries based on

the police officers' allegedly negligent use of tangible personal property—the handcuffs.

SUE WALKER<br>
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  November 21, 2012