

# NUMBER 13-23-00134-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ADRIENNE PEÑA-GARZA,**                                   **Appellant,**

**v.**

**CADENCE VAUGHAN,**                                         **Appellee.**

---

## ON APPEAL FROM THE 332ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Valdez[1]**
**Memorandum Opinion by Justice Benavides**

Appellee Cadence Vaughan sued Aron L. Peña III and Adrienne Peña-Garza

---

[1] The Honorable Rogelio Valdez, retired Chief Justice of the Thirteenth Court of Appeals, is sitting by assignment of the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

alleging that Aron assaulted her and Adrienne aided and abetted the assault. Adrienne filed a motion to dismiss Vaughan's suit against her under the Texas Citizen Participation Act (TCPA). Adrienne's motion was overruled by operation of law. Adrienne appeals by three issues asserting that the trial court erred by (1) denying her motion to dismiss because Vaughan's lawsuit sought "to stifle Adrienne's right to associate freely and Vaughan failed to meet her burden establishing each element of her claim"; (2) failing to strike Vaughan's amended petition as untimely; and (3) failing to exclude "an affidavit by a non-party riddled with evidentiary problems." Because the TCPA does not apply to Vaughan's allegations against Adrienne, we affirm.

## I. BACKGROUND

The parties to this suit were all actively involved in Republican politics in the Rio Grande Valley during the period relevant to this case: Adrienne was the Chairwoman of the Hidalgo County Republican Party; Aron served on the organization's Temporary Vacancy Committee; and Vaughan was a member of an organization for young Republicans and served as a staff member for the Hidalgo County Republican Party.

On October 19, 2022, Vaughan filed her original petition alleging that while driving her home from a political event, "Aron began to place his hands on [Vaughan's] thighs and moved them towards her inner thighs." According to her petition, Vaughan told Aron that his contact was unwelcome, and Aron laughed and made light of the situation. Shortly thereafter, while stopped at a red light, Aron allegedly "reached over[,] grabbed [Vaughan,] and pulled her towards him and forced a kiss." Vaughan claimed that she pushed Aron away and instructed him to drive her home.

2

Vaughan also alleged that Adrienne was aware that Aron had repeatedly engaged in similar misconduct in the past, and Adrienne encouraged further misconduct by appointing Aron to a leadership position within the Hidalgo County Republican Party. According to Vaughan, the appointment aided Aron in his assaultive conduct by "giving him access to any young woman that sought to get involved in local politics involving [Adrienne's] organization, the Hidalgo County GOP." Vaughan further alleged that Adrienne was notified about the assault, but Adrienne refused to take any corrective action and eventually led a public campaign to discredit Vaughan.

On December 19, 2022, Adrienne filed a motion to dismiss under the TCPA, arguing that the TCPA applied because Vaughan's aiding and abetting claim implicated her "right to associate freely regarding a public concern." Adrienne contended that the claim involved a matter of public concern because Adrienne "is a publicly elected official," she and her brother Aron "have drawn substantial public attention due to their history of public service and political activities," and Vaughan's allegations had been covered in the local media. Adrienne also argued that her appointment of Aron was a protected "political act." Finally, Adrienne suggested that Vaughan could not establish a prima facie case of aiding and abetting because Vaughan's allegations, even if taken as true, were insufficient as a matter of law.

Vaughan filed a response to Adrienne's motion to dismiss arguing, in relevant part, that the TCPA did not apply because "[n]othing about the claims in this case turn on the identity of the specific group in question—had [Adrienne] instead been the president of a bank, she presumably would have been in a position to appoint her brother to a position

3

at the bank, for the very same improper reasons." Quoting an opinion written by this Court, Vaughan also argued that the TCPA did not apply to her claims because "[t]here is no common interest in committing civil wrongs, engaging in criminal behavior, or inflicting injury upon others." *Gamboa v. Vargas*, 13-19-00555-CV, 2021 WL 1418242, at * 5 (Tex. App.—Corpus Christi–Edinburg Apr. 15, 2021, pet. denied) (mem. op.). Vaughan also filed a motion for sanctions seeking to strike Adrienne's TCPA motion on the basis that Adrienne failed to properly serve Vaughan with the motion or notice of the hearing.[2] Vaughan claimed that she did not receive actual notice of the setting until the eve of her deadline to respond, which prevented her from submitting any prima facie evidence.

Adrienne filed a reply in support of her TCPA motion that addressed the substantive arguments raised in Vaughan's response and motion for sanctions. Adrienne also argued for the first time that she did not actually appoint Aron to the committee in question. Adrienne provided an affidavit stating that, consistent with the organization's bylaws, the chair of the Candidate Committee had appointed Aron to the Temporary Vacancy Committee, and Adrienne did not instruct the chair to appoint Aron.

On January 24, 2023, the trial court held a hearing on Adrienne's TCPA motion and Vaughan's motion for sanctions. The trial court denied the motion for sanctions but found good cause to reset the hearing on the TCPA motion for a later date so that Vaughan could "amend" her response with evidence supporting her claim.

Vaughan subsequently filed an amended petition alleging that she suffered bodily

---

[2] The motion for sanctions was not included in the clerk's record but the parties discussed the substance of the motion at length during a hearing that is part of the reporter's record.

4

injury during the assault, and she filed an amended response to Adrienne's motion to dismiss including a one-page sworn "VERIFICATION" by Brandy Perez. Adrienne thereafter filed a motion to strike the amended petition as being untimely under the TCPA and inconsistent with the trial court's grant of leave to file a supporting affidavit. Adrienne also objected to Perez's verification on the grounds that her statements contained hearsay, lacked personal knowledge, and because they were conclusory, irrelevant, and made without a proper foundation.

The trial court heard the motion to dismiss on February 21, 2023. At the conclusion of the hearing, the trial court informed the parties that it would take the matter under advisement. On March 16, 2023, the trial court advised the parties by telephone that it was denying the motion to dismiss but never signed a written order to that effect.[3] On March 20, 2023, Adrienne filed a notice asking the trial court to rule on her outstanding evidentiary objections and motion to strike. Four days later, she filed a second notice, again asking for the same relief. The trial court never acted on these matters, and Adrienne filed her notice of interlocutory appeal on March 30, 2023.

## II.   STANDARD OF REVIEW & APPLICABLE LAW

"The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding) (citing TEX. CIV. PRAC. & REM. CODE ANN.

---

[3] Because the trial court informed the parties of its decision by telephone and never signed a written order, the trial court never actually ruled on the motion. *See Baker v. Bizzle*, 687 S.W.3d 285, 292 (Tex. 2024) ("Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." (quoting *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002))). Thus, Adrienne's TCPA motion was overruled by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a).

5

§ 27.002)). These protected First Amendment rights include the right to "associate freely . . . and otherwise participate in government to the maximum extent permitted by law." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. A person exercises their right of association when they "join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." *Id.* § 27.001(2).

A party seeking dismissal under the TCPA must first demonstrate that the "legal action is based on or is in response to" a protected activity. *Id.* § 27.005(b). This threshold inquiry is generally determined by the allegations in the plaintiff's petition. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations."); *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 29 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("In determining whether the TCPA applies in the first instance, a court may look solely to a plaintiff's pleading and, in doing so, accept the allegations as true insofar as they describe the nature of the claims."). If the TCPA applies, the burden then shifts to the plaintiff to prove "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Even if the plaintiff satisfies their prima facie burden, the movant may still prevail by conclusively establishing an affirmative defense or some other entitlement to summary judgment. *Id.* § 27.005(d).

"The elements for civil assault mirror those required for criminal assault." *Umana v. Kroger Tex., L.P.*, 239 S.W.3d 434, 436 (Tex. App.—Dallas 2007, no pet.) (citing

6

*Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). A person commits assault if he "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE ANN. § 22.01(a)(3). Unwanted sexual contact meets this definition of assault because the plaintiff regards the contact as offensive and provocative. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808 (Tex. 2010). A person who commits assault by unwanted sexual conduct is liable for their conduct regardless of whether they cause physical injury. *Caver v. Clayton*, 618 S.W.3d 895, 903 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing *City of Watauga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014)); *see Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex. 1967) ("Personal indignity is the essence of an action for battery; and consequently[,] the defendant is liable not only for contacts which do actual physical harm, but also for those which are offensive and insulting." (citing Restatement (Second) of Torts § 18)). Mental-anguish damages are recoverable in a suit for assault. *Sankaran v. VFS Servs. (USA) Inc.*, 693 S.W.3d 883, 891 (Tex. App.—Houston [14th Dist.] 2024, pet. filed) (citing *City of Tyler v. Likes*, 962 S.W.2d 489, 495 (Tex. 1997)).

Under the Texas Penal Code, a person is criminally responsible for the conduct of another if, "acting with the intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2). Aiding and abetting has not been recognized as an independent cause of action in Texas. *See, e.g., AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 611 (Tex. App.—Eastland 2019, no pet.) ("[W]e

7

decline to adopt aiding and abetting as an independent cause of action."). Instead, it is a theory of derivative or vicarious liability, which means that failure to prove the underlying tort necessarily dooms the liability-spreading theory. *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 738 (Tex. 2020).

### III.   ANALYSIS

As a preliminary matter, Vaughan argues that because her aiding and abetting claim is derivative of her assault claim, Adrienne could not separate the two claims for purposes of the TCPA. According to Vaughan, Adrienne's failure to challenge the assault claim against Aron under the TCPA effectively waived her ability to challenge the derivative claim filed against her. While we agree that the application of the TCPA in this case starts (and ends) with the underlying tort, we will assume that Adrienne's failure to challenge the assault claim did not constitute waiver.

In her first issue, Adrienne contends that the TCPA applies to the claims against her because they are based on her exercise of the right to free association, which includes "join[ing] together to collectively express, promote, pursue or defend common interests relating to a governmental proceeding or a matter of public concern," and a "matter of public concern," among other things, includes any statement or activity regarding a public official or matter of political interest or concern to the public. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2), (7). Under the TCPA's statutory language, Adrienne bears the initial burden to demonstrate that a "legal action" has been brought against her and that the action is "based on or is in response to" an exercise of a protected constitutional right.

8

Here, Vaughan asserts that Adrienne aided and abetted Aron in committing the alleged assault. Given the derivative nature of aiding and abetting claims, some of our sister courts have held that the success of a TCPA motion challenging such a claim turns solely on the propriety of the underlying tort claim. *Whitelock v. Stewart*, 661 S.W.3d 583, 607 (Tex. App.—El Paso 2023, pet. denied) ("When a defendant brings a TCPA motion seeking to dismiss a derivative claim of either 'civil conspiracy' or 'aiding and abetting,' the court need only analyze the issue of whether the underlying tort upon which those claims rely survives the motion."); *Warner Bros. Ent., Inc. v. Jones*, 538 S.W.3d 781, 814 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020)); *see also Thibodeaux v. Starx Inv. Holdings, Inc.*, No. 03-20-00613-CV, 2021 WL 4927417, at *11 (Tex. App.—Austin Oct. 22, 2021, pet. dism'd) (mem. op.). Simply put, if the underlying tort is not subject to dismissal under the TCPA, then neither is the derivative claim. *Whitelock*, 661 S.W.3d at 607. We agree that this is the correct approach and apply it here.

Based on well-established precedent, we conclude that the TCPA does not apply to Vaughan's claim that Aron assaulted her because such conduct is not activity protected by the First Amendment. *See Whitelock*, 661 S.W.3d at 606 (holding that the TCPA did not apply to claims of "threatening, assaultive, and destructive conduct, as such conduct cannot be considered a protected communication about a matter of public concern within the meaning of the TCPA"). In short, Texas courts have consistently held that the TCPA does not apply to conduct that is not law-abiding or that is not permitted by law. *See, e.g.*, *Sanchez v. Striever*, 614 S.W.3d 233, 244 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("The conduct alleged by Sanchez and shown on the video constitutes an assault under

9

Texas law. We therefore conclude that by pouring water on Sanchez, Striever was not exercising any free speech right protected by the U.S. or Texas constitutions." (citations omitted)); *Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 653 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("Construing the entire TCPA and considering in context the purpose of the statute along with its definitions, we conclude that the types of communication envisioned by the statute do not encompass a conspiracy to convert or unlawfully appropriate property, as Veracruz alleges."); *see also Neely v. Allen*, No. 14-19-00706-CV, 2021 WL 2154125, at *9 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.) (holding that plaintiff's claims for various torts, including assault, intentional infliction of emotional distress, and conversion did not fall within the scope of the TCPA as they did not involve protected speech or conduct). Consequently, Vaughan's derivative claim against Adrienne for aiding and abetting the alleged assault is not subject to dismissal under the TCPA. *See Whitelock*, 661 S.W.3d at 607; *Warner Bros.*, 538 S.W.3d at 814; *see also Thibodeaux*, 2021 WL 4927417, at *11. Because Adrienne has not established that Vaughan's claims are subject to the TCPA, we conclude that the trial court did not err in allowing Adrienne's motion to dismiss to be overruled by operation of law, and we overrule Adrienne's first issue.[4]

---

[4] Our review of this interlocutory appeal is limited to the applicability of the TCPA, which requires us to take Vaughan's allegations as we find them. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 29 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Although we find that Vaughan's claim against Adrienne is not "based on" a protected activity, *see* TEX. CIV. PRAC. & REM. CODE ANN.§ 27.005(b), we express no opinion about whether those allegations state a legally viable claim.

Because we have reached this conclusion, we need not address Adrienne's contention in her second issue that the trial court erred in considering Vaughan's amended petition because the amendment to the petition does not affect the foregoing analysis. *See* TEX. R. APP. P. 47.1. Similarly, because Adrienne failed to meet her initial burden to demonstrate that Vaughan's action was based on her constitutional rights, we need not address Adrienne's third issue asserting that the trial court erred in failing to exclude Perez's affidavit. *See id.*

## IV. CONCLUSION

We affirm the denial of Adrienne's TCPA motion.

GINA M. BENAVIDES
Justice

Delivered and filed on the
7th day of November, 2024.

11